

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jose Sanchez, individually and on behalf of other employees similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Continental Window and Glass Corporation and Greg Sztejkowski, individually,<br><br>    Defendants. | Case No. 1:15-cv-04295<br><br>Judge: Hon. Harry D. Leinenweber<br><br>Magistrate: Hon. Daniel G. Martin |

### ORDER APPROVING PARTIES' JOINT MOTION TO APPROVE SETTLEMENT

This matter coming to be heard on the parties' Joint Motion to Approve Settlement and the Court duly apprised of the circumstances, the Court makes the following findings and enters the following order:

*FINDINGS*:

1. On May 14, 2015, Jose Sanchez, on behalf of himself and others similarly situated, filed a complaint against the Defendants in which he alleged that the Defendants deprived him of overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IWML). Plaintiff filed a First Amended Complaint the same day to correct the caption as his name had not been properly displayed in the caption.

2. The Complaint contained one count under the FLSA and a second count under the IMWL, and alleged that Defendants failed to pay him overtime wages for hours worked in excess of forty (40) hours per work week. Plaintiff sought relief on behalf of himself and others similarly situated to him.

3. On September 16, 2015, this court granted the parties' joint motion for conditional certification of a class brought pursuant to Section 16 of the FLSA (29 U.S.C. § 216(b)) (Dkt.

131280527v1 0974358

11). The Notice of Collective Action Lawsuit ("Notice") that was approved by the Court was then sent to all eligible class members. (Dkt. 9-1) This Notice was sent out in English, Polish or Spanish, depending on its recipient. Twenty-six (26) individuals were identified as falling within the class definition found in the Notice and Notice was sent to all twenty-six (26) individuals at their last known address.

4. The opt-in period expired on November 6, 2015. No other individual opted into this litigation. Thereafter, Plaintiff continued the litigation in his individual capacity.

5. The parties engaged in arms' length negotiations in efforts to resolve all claims and disputes between them. They reached a successful resolution of Plaintiff's claims and now seek this Court's approval of this Agreement. The parties have asked the Court to consider the financial terms of their Agreement *in camera.*

6. Plaintiff has not brought a motion for class certification under Federal Rules of Civil Procedure 23 and does not intend to do so. The resolution of Plaintiff's claims does not impair or prejudice the rights of others.

7. Approval of the parties' Agreement will resolve all issues between the parties and lead to the entry of a dismissal of Plaintiff's First Amended Complaint.

8. This Court has had the opportunity to review the Agreement submitted *in camera* and is now prepared to rule as follows:

IT IS SO ORDERED THAT:

A. The parties' Agreement was made a product of good-faith negotiations between experienced employment counsel.

B. There is no prejudice to any other individual by the entry of this Order.

C. The parties' Agreement resolves all issues of wages, liquidated damages, attorneys' fees, costs and any other dispute between the parties.

D. The parties' Agreement resolves this case without either side incurring any additional expense or investing any further resources into it.

E. The parties dispute whether Plaintiff worked any hours for which he was not paid. The amount of the consideration found in the Agreement recognizes that if this case continued, that Plaintiff's recovery may be nothing or less than the amount of the settlement.

F. The Court finds that the parties' Agreement is a fair and reasonable resolution of a disputed claim brought under the FLSA and IMWL.

G. The parties shall have thirty (30) days following the entry of this order to complete and satisfy their obligations under the Agreement. Unless either side brings a motion to address a compliance issue on the Agreement, this case will be dismissed with prejudice 30 days from the entry of the Order.

2/11/16

Judge Leinenweber

3

131280527v1 0974358